## SAME vs. SAME.

APPEAL from the court of the sixth district.

A claim supported by vague proof will be disregarded. Novation is never presumed.

MATHEWS, J. delivered the opinion of the court. This suit is similar on the part of the plaintiff, to the former, being on another note of hand executed by the defendant, in consequence of the same contract which gave rise to the former, &c. The answer contains a plea of want of consideration, by a failure on the part of the plaintiff to deliver articles, of which the note evidenced the price, to the value of three hundred dollars and upwards. It also contains a plea of payment to the amount of six hundred dollars, alleged to have been made to the plaintiff by a draft or bill of exchange on Debuys & Longer, of New-Orleans, drawn in his favor. As to the claim of a deduction from the amount due on the note, as declared on by the plaintiff, in consequence of his failure to deliver the articles designated in the answer, the testimony is so vague and uncertain, both as to the things and their value, that the court below seems not to have taken this part of the case into consideration, in giving judgment. The great want of certainty in relation to this part of the defence, justifies its being disregarded;

West'nDistrict, considering that it will be no bar to a suit here-
*Sept.* 1824. after, to insure a delivery of said articles, or re-
CRAIN     cover their value, should it appear that they
*vs.*
ROBERT.   are embraced by the contract of sale.

The second ground of defence assumed by
the appellant, requires more consideration.—
The evidence shews that the amount of the
bill on D. & L. was to have been credited on
the defendant's note, when it should be reco-
vered by the plaintiff, &c. We can imagine
only three ways, in either of which the defendant
would be entitled to this credit. First, by ac-
tual receipt of the money on the bill. Second,
by novation; or, third, by such negligence on
the part of the plaintiff, as, according to com-
mercial laws and usages, would have exoner-
ated the drawer from all liability on his con-
tract of exchange. Now the record contains
no evidence that the plaintiff has recovered
the sum called for in the draft. The manner
in which he took it does not operate a novation,
which is never to be presumed, &c. See *C.*
*Code*, 296, *art.* 174. The kind of novation
which might have been effected in the manner
insisted on by the defendant, is that of delega-
tion, and does not take place unless the cre-
ditor *expressly* declares that he intends to dis-

charge his debtor. See same authority, same page and art. 176.

But it is believed that notwithstanding this rule of our code, in commercial transactions relating to promissory notes and bills of exchange, the effects of a novation by delegation may be produced by negligence on the part of holders of such instruments, such as want of notice, of non-acceptance or non-payment, to the previous parties.

In the present case there is evidence of an acceptance by Debuys & Longer of the bill in question, as proven by their account current with the defendant, in which it is charged to him. It is not shewn that he ever received notice of non-payment. But the plaintiff insists that he is excusable for this neglect, on the ground that the drawer had no funds in the hands of the drawees, as appears by the same account current, which shews the acceptance. This is true; and according to the law merchant, will excuse neglect of notice to a drawer. The bill has not been returned to the defendant, or in any manner accounted for. The plaintiff being excused for want of notice, might resort to the drawer in consequence of the failure of the acceptors to pay. In relation to

this danger, it is our duty to afford protection to the appellant.

It is, therefore, ordered, adjudged and de-decreed, that the judgment of the district court be avoided, reversed and annulled. And it is further ordered, adjudged and decreed, that the plaintiff and appellee do recover from the defendant and appellant the sum of one thousand dollars, with interest, at the rate of ten per cent. until paid, and that the property mortgaged for the security of the payment of the debt, be seized to satisfy the judgment. And it is further ordered, adjudged and decreed, that no execution shall issue thereon, until the plaintiff produces to the district court the bill of exchange drawn by the defendant in his favor, on Debuys & Longer, or satisfactorily account for the same. And it is further ordered, that the appellee pay the costs of the appeal.